IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Keith Anthony Jones, #277885, | ) | C/A No.: 1:18-2156-TLW-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Kathy White, Medical Staff Supervisor; Chuck Wright, Sheriff and Director; Major Freeman, Overseer of Jail; Sgt. C. Center, Transportation Staff, overseer the day of accused incident; Officer A. Pace, Employee of Transport Staff the day of accused incident; Officer W. Harris, Employee of Transport Staff the day of accused incident; and Captain Hayes, Captain of Operations Spartanburg County Detention Facility, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | ORDER AND NOTICE |
| Defendants. | ) ) | |

Keith Anthony Jones ("Plaintiff"), proceeding pro se and in forma pauperis, filed this complaint alleging a violation of his constitutional rights by staff members of Spartanburg County Detention Facility ("SCDF"). Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge.

I. Factual and Procedural Background

Plaintiff states he is a disabled detainee who was housed at the SCDF. [ECF No. 1 at 7]. Plaintiff claims SCDF medical staff supervisor Kathy White discontinued his medication for muscle spasms. *Id.* at 8. Plaintiff alleges on April 11, 2018, he tried to get into his wheelchair when a muscle spasm caused him to fall to the floor. *Id.* at 10–11. Plaintiff claims he injured his back and left leg. *Id.* Plaintiff states on May 2, 2018, SCDF officers Pace and Harris caused him to fall, pulling his pants down as they attempted to transfer him from his wheelchair to a waiting vehicle. *Id.* at 11. Plaintiff alleges Center videotaped the transfer attempt. *Id.* at 8. Plaintiff alleges he was taken to the emergency room for x-rays 22 days after his fall. *Id.* Plaintiff claims he continues to have problems with his spine and legs. *Id.* Plaintiff seeks monetary damages. *Id.*

II. Discussion

    A.    Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i),

(ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed sua sponte under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989). Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

    B.    Analysis

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although the court must liberally construe a pro se complaint, the United

States Supreme Court has made it clear that a plaintiff must do more than make conclusory statements to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face, and the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678–79.

To the extent Plaintiff is asserting a medical indifference claim related to his April 2018 fall, his claim is subject to summary dismissal. To establish an Eighth Amendment violation, Plaintiff must show defendants exhibited "deliberate indifference" to his "serious medical needs." *Farmer v. Brennan*, 511 U.S. 825, 835 (1994); *Wilson v. Seiter*, 501 U.S. 294, 297 (1991). A claim of deliberate medical indifference requires more than a showing of mere negligence, *Estelle v. Gamble*, 429 U.S. 97, 105–06 (1976), and "more than ordinary lack of due care for the prisoner's interests or safety." *Whitley v. Albers*, 475 U.S. 312, 319 (1986). The Fourth Circuit has noted that treatment "must be so grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Miltier v. Beorn*, 896 F.2d 848, 851 (4th Cir. 1990) (citation omitted).

Plaintiff states he is disabled and claims White discontinued his medication for muscle spasms, causing him to fall. Plaintiff, however, has not

4

identified his disability or provided any other information about his health condition. The undersigned is therefore unable to determine if Plaintiff has a serious medical condition or whether his medical treatment was "grossly incompetent, inadequate, or excessive." Accordingly, Plaintiff's claims related to his April 2018 fall are subject to summary dismissal.

Plaintiff also fails to allege sufficient facts concerning his May 2018 fall to establish a constitutional deprivation. Plaintiff's allegations concerning the defendants' efforts to transfer him from his wheelchair demonstrate, at most, that defendants were negligent. [ECF No. 1 at 8, 11]. However, the law is well settled that a claim of negligence is not actionable under 42 U.S.C. § 1983. *See Daniels v. Williams*, 474 U.S. 327, 335–36 n.3 (1986); *Pink v. Lester*, 52 F.3d 73 (4th Cir. 1995) (noting that *Daniels* bars an action under § 1983 for negligent conduct). Plaintiff's claims related to the May 2018 fall are subject to summary dismissal.

## NOTICE CONCERNING AMENDMENT

Plaintiff may attempt to correct the defects in his complaint by filing an amended complaint by October 5, 2018, along with any appropriate service documents. Plaintiff is reminded that an amended complaint replaces the original complaint and should be complete in itself. *See Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) ("As a general rule, an amended pleading ordinarily supersedes the original and renders it of no

5

legal effect.") (citation and internal quotation marks omitted). If Plaintiff files an amended complaint, the undersigned will conduct screening of the amended complaint pursuant to 28 U.S.C. § 1915A. If Plaintiff fails to file an amended complaint or fails to cure the deficiencies identified above, the court will recommend to the district court that the claims be dismissed without leave for further amendment.

    IT IS SO ORDERED.

September 21, 2018  
Columbia, South Carolina

Shiva V. Hodges  
United States Magistrate Judge

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).